

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

This Opinion
Modifies Opinion

# V-638

June 5, 1972

Honorable Byron Tunnell
Chairman
Railroad Commission of Texas
Capitol Station, Drawer 12967
Austin, Texas    78711

Opinion No. M- 1143

Re: Whether a change from a
sole proprietorship status
to a corporation creates
a new and separate legal
entity, which requires
the latter to obtain a
First Year License under
the Liquefied Petroleum
Gas Code, Section 9 B(5),

Dear Mr. Tunnell:

Article 6066d, V.C.S.?

Section 9 B(5), Article 6066d, Vernon's Civil Statutes,
hereinafter referred to as LPG Code, reads as follows:

"(5)  First Year License.  A license shall
be issued by the Commission to said applicant
in the name under or by which he conducts or
proposes to conduct his business as such a
dealer.  Such license shall run to the dealer-
ship to or in connection with which it was is-
sued and it shall confer no rights or privileges
separate and apart from such dealership."

Section 9 B(6) of the LPG Code reads as follows:

"(6)  Renewal License.  Each license as
an authorized dealer in Liquefied Petroleum
Gas shall be renewable upon the timely payment
or tender of the renewal license fee established
and assessed therefor, and by furnishing the
Commission with a bond as required in Section
23 of this Act, a certificate of insurance evi-
dencing that the insurance required in Section
24 of this Act is in full force and effect, and
such other information and data as may reason-
ably be required by the Commission."

Factually you state that the Commission is experiencing
numerous situations where individual licensees (sole proprietorships)
incorporate their liquefied petroleum gas business, but continue to

-5568-

operate the business as a qualified person under one or more of the categories set out in Section 6 of the LPG Code. We, therefore, have the narrow question of whether the change from a sole proprietorship to a corporation, without more, requires that the corporation obtain a First Year License.

The thrust of the LPG Code is safety. A liquefied petroleum gas dealer (sole proprietorship or corporation) must qualify for each of the separate categories listed in Section 6 in order to engage in any of the activities enumerated therein. Section 7. With respect to a partnership, firm, corporation, unincorporated association, or any other business entity, the individual who "shall be directly responsible for and actively supervising the operation of the dealership" shall make "good and sufficient proof that he can and will meet the safety requirements provided in this Act." Section 9 B(2). Further, the liquefied petroleum gas dealer (sole proprietorship or corporation) must furnish the Commission with the bond required by Section 23 and the certificate of insurance required by Section 24 to obtain either a First Year License or a Renewal License. It is clearly the intent of the LPG Code that the dealer (be it individual, partnership, firm, corporation, unincorporated association or any other business entity) is the person that must satisfy the statutory requirements to qualify for a liquefied petroleum gas license in one or more of the categories listed in Section 6, and it is that dealer or dealership that the Commission looks to for compliance with the statutory and regulatory safety standards.

The LPG Code does not address itself specifically to the issue at hand. There is no statutory provision prohibiting a business entity from changing the legal form pursuant to which it conducts its authorized liquefied petroleum gas business. However, when a sole proprietorship is changed into a corporation, a new and separate business entity is created bearing no resemblance to its predecessor. The corporation has not qualified as a dealer for a liquefied petroleum gas license. Even if the former sole proprietor remains directly responsible for the operations or is a qualified employee under Section 10, transfer of the license formerly held by the sole proprietorship to the corporation does not, because of Section 9 B(5), create a new dealership in the corporation. The new business entity must submit an application for a First Year License. To hold otherwise would permit persons by change of business form to avoid the clear intent of the LPG Code, and create dealerships without Commission sanction.

Attorney General's Opinion No. V-638 (1948) reached the identical conclusion based on the same question presented here. However, the Opinion construed Article 6053, Vernon's Civil

Statutes, which was, insofar as relevant, repealed in 1959 (Acts 56th Leg., p. 844, ch. 382). Further, the rationale in that opinion is incorrect. Therefore, to the extent only that the reasoning is inconsistent herewith, Opinion No. V-638 is modified by this Opinion.

## SUMMARY

When a licensee sole proprietorship under Article 6066d, V.C.S., incorporates, the corporation is required to obtain the First Year License specified in the Liquefied Petroleum Gas Code, Section 9 B(5), Article 6066d, V.C.S. Attorney General's Opinion No. V-638 (1948) is modified.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Rex H. White, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
W. Dyer Moore, Jr.
Ralph Rash
Gordon Cass
John Reeves

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant